IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____
SECURITIES AND EXCHANGE COMMISSION,    §
                                       §
    Plaintiff,                         §
                                       §
vs.                                    §
                                       §   Civil Action No.: 4:17-CV-321-Y
4D CIRCLE LLC a/k/a ENOETICS,          §
MANTFORD C. HAWKINS, and               §
DAVID E. BELL,                         §
                                       §
    Defendants.                        §
_____§

## **RECEIVER'S FIRST QUARTERLY STATUS REPORT**

Pursuant to paragraphs 52 and 53 of the Court's April 13, 2017 Agreed Order Appointing Receiver (ECF No. 9), the Receiver, Lars L. Berg ("Receiver"), respectfully submits this status report providing information about, and an accounting of, the Receivership Estate. This report reflects the existence, value, and location of Receivership property and the liabilities of the Receivership Estate for the quarter ending June 30, 2017.[1] This information is provided in subsections bearing titles from subparagraphs A though H of paragraph 53 of the Court's order. In addition to this report, the Receiver is filing an Appendix to the Receiver's First Quarterly Status Report ("Appendix"), and it contains the schedule required by subparagraph C of paragraph 53 of the Order.

---

[1] All of the information in this report is based on the Receiver's current understanding of the available information reviewed thus far, and changes may occur as his review continues and his investigations unfold.

A.     **A Summary of the Operations of the Receiver.**

*1. Identification And Recovery Of Receivership Property*

After his appointment, the Receiver immediately began investigating the nature and extent of the assets belonging to the Receivership Estate. The Receiver learned that the primary assets (other than cash) of the Receivership Estate consist of real estate, specifically a commercial building and two apartment complexes.

*2. Real Estate.*

Defendant 4D Circle LLC ("4DC") and its subsidiaries had an interest in 12 separate properties. The spreadsheet attached as Exhibit 6 to the accompanying Appendix lists and briefly described all 12 properties. Of those 12 properties, only three remained in 4DC's control at the time the Court appointed the Receiver: (1) Liberty Bank Building; (2) Stratton Apartments; and, (3) Lancaster Apartments. Of the nine other properties, two of them were sold in foreclosure before the Receiver's appointment. Four of the properties were sold by investors who, allegedly under the terms of the limited-liability company agreements between 4DC-related entities and the investors, had assumed control and ownership over the properties. The remaining three properties are currently being operated by investors who similarly assumed control and ownership over the properties.

As for the four properties that were sold, one such sale (E-Normont) occurred, with all the proceeds being distributed, before the Court appointed the Receiver. The Receiver intends to investigate a claw-back claim related to that property. The Matthews' Group was involved in the sale of the other three properties (Chiquita, Las Brisas, and Tejas). The Receiver understands from information provided by the attorney for the Matthews Group that all the proceeds from the sale of the Tejas building were used to pay the mortgage and back taxes, with no surplus paid to

any investor. Pursuant to negotiations between the Receiver and the attorney for the Matthews Group, the proceeds of the sales of Chiquita and Las Brisas were deposited directly into the attorney's IOLTA account for the transfer to the Receivership account, with all parties reserving all rights.

As for the properties currently under the control of the investors, the Receiver has been in contact with the lawyers representing the Matthews Group and the lawyer representing Jarvis to (i) ensure that those assets are protected and (ii) preserve the claims of the Receivership Estate related to those assets.[2]

   *3. Cash and Other Assets.*

The Receiver also identified all the money held by 4DC in various bank accounts and transferred all that money into an account opened in accord with paragraphs 34 and 35 of the Agreed Order Appointing Receiver. The Receiver also opened three operating accounts – one for each piece of property. Exhibit 2 to the Appendix reflects the cash on hand in each account. Because 4DC did not maintain an office, there were virtually no assets that would normally be associated with operating a business (e.g., computers, office furniture, and office equipment.) Nevertheless, the Receiver took possession of the only laptop known to be owned by 4DC. Finally, the Receiver is investigating potential claw-back claims. To do so, the Receiver contacted William D. Brown, a forensic accountant, about obtaining his services in tracing all the money flowing through 4DC and related entities. Mr. Brown agreed to assist at a discounted rate. The Receiver intends to seek in the near future Court approval to hire Mr. Brown. Mr. Brown's anticipated tracing, coupled with other investigations, should identify potential claw-back claims.

---

[2] Andy Ryan represents the Matthews Group and Michael Boyd represents Jarvis.

### 4. Operations And Disposition Of Receivership Property

As alleged by the SEC, the Receiver discovered, upon assuming control over the properties, that the properties had not been adequately maintained and a large number of property-related bills had not been paid for several months. The Receiver initially spent a great deal of time and money paying past-due bills and addressing emergencies (e.g., inoperable air conditioning in the office building and a collapsed sewer line at one of the apartment complexes). He also hired professional property managers to assist in day-to-day operations and leasing. The Receiver continues to work toward stabilizing the properties and ensuring that they are fully leased. The Receiver believes that the properties will be stable and fully leased within the next few months. The Receiver understands that the properties currently being operated by investors are similarly being stabilized and leased.

Once the properties are stabilized and fully leased, the Receiver intends to consider all options for sales of the properties and/or arrangements proposed by investors for the fair and equitable disposition of the properties. Initial discussions with various groups of investors for such disposition are underway, and the Receiver is waiting on specific proposals.

**B.     The Amount of Cash on Hand, the Amount and Nature of Accrued Administrative Expenses, and the Amount of Unencumbered Funds in the Estate.**

As reflected in the Cash Summary for 4D Circle for the Quarter ended 6/30/17, which is Exhibit 2 to the Appendix, the Receivership Estate had $124,658.77 cash on hand as of 6/30/17. None of this cash is encumbered. The accrued administrative expenses are in the form of attorneys' fees and related expenses incurred at Kelly, Hart & Hallman, LLP and total $119,204.74 ($118,801 in fees and $403.74 in expenses).

C.  **A Schedule of all the Receiver's Receipts and Disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership.**

The Appendix filed with this Report contains the information required by paragraph 53.C of the Court's Agreed Order Appointing Receiver including the following exhibits:

1. Consolidated Financial Statement For 4D Circle For the Quarter Ended 6/30/17.

2. Cash Summary For 4D Circle For the Quarter Ended 6/30/17.

3. Income Statement For Operations of Liberty Bank Building For the Quarter Ended 6/30/17.

4. Income Statement For Operations of Lancaster Apartments For the Quarter Ended 6/30/17.

5. Income Statement For Operations of Stratton Apartments For the Quarter Ended 6/30/17.

D.  **A Description of All Known Receivership Property, Including Approximate or Actual Valuations, Anticipated or Proposed Dispositions, and Reasons for Retaining Assets Where no Disposition is Intended.**

The Receivership Property (other than the previously described cash on hand and the laptop computer) consists exclusively of the following three pieces of real property:

1. The Liberty Bank Building is a six-story, 100,000-square foot office building located at 7001 Boulevard 26, North Richland Hills, Texas. For 2017, the Tarrant Appraisal District ("TAD") values this property at $6,087,681. The Receiver hired 312 Management, L.P. to manage this property.

2. The property known as the Lancaster Apartments is an apartment complex with 85 apartments located at 5200 E. Lancaster Ave., Fort Worth, Texas. For 2017, TAD values this property at $2,390,662. The Receiver Hired Partnership Realty Service, Inc. to manage this property.

3. The property known as the Stratton Apartments is an apartment complex with 52 apartments located at 5009 Lancaster Ave., Fort Worth, Texas. For 2017, TAD values this property at $1,346,720. The Receiver hired Partnership Realty Services, Inc. to manage this property.

> E. **A Description of Liquidated and Unliquidated Claims Held by the Receivership Estate, Including the Need for Forensic and/or Investigatory Resources; Approximate Valuations of Claims; and Anticipated or Proposed Methods of Enforcing Such Claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments).**

The Receiver does not know of any liquidated claims belonging to the Receivership Estate. There are several potential unliquidated claims related to the individuals and entities responsible for taking over the properties previously under the umbrella of 4DC. Each of those properties is listed in Exhibit 6 to the Appendix. The Receiver is in discussions with the attorneys representing those individuals and entities about how best to proceed. At this early stage, the Receiver continues to investigate all aspects of these potential claims, and he has not yet determined the potential value of such claims or the best method for pursuing them. In conducting further investigations into these and other potential claims, the Receiver intends to retain Bill Brown (the previously described forensic accountant) to assist him in identifying and evaluating all such claims. These investigations will likely also include identifying those who received money from 4DC or one of its related entities and determining whether or not such funds may be subject to a claw-back claim.

> F. **A List of All Known Creditors With Their Addresses and the Amounts of Their Claims;**

Exhibit 7 to the Appendix contains a list of known creditors, with the address for each, the amount claimed, and a brief description of the claim. This list is a work in progress and is

subject to change because additional individuals and entities continue to come forward with claims.

    **G.    The Status of Creditor-Claims Proceedings, After Such Proceedings Have Been Commenced.**

Creditor-claims proceedings have not begun.

    **H.    The Receiver's Recommendations for a Continuation or Discontinuation of the Receivership and the Reasons for the Recommendations.**

Because the Receivership is still in the initial phase of identifying and gathering assets, and potential assets, the Receiver respectfully submits that the Receivership continue. The Receiver cannot currently predict how long it will take to marshal all assets and create a distribution plan.

## **CONCLUSION**

In preparing this report, the Receiver sought to provide enough information to keep the Court reasonably informed, but not so much information as to burden the Court with unnecessary detail. If the Court would like any additional detail as to any matter, the Receiver will gladly provide it.

Respectfully submitted,

*/s/ Lars L. Berg*
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Whitney D. Beckworth
State Bar No. 24087400
whitney.beckworth@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9280

**COURT-APPOINTMENT RECEIVER/ATTORNEYS FOR 4D CIRCLE, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 31, 2017, a true and correct copy of the foregoing was served via CM/ECF to all parties of record.

*/s/ Lars L. Berg*
Lars L. Berg